UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA WILLIS,

        Plaintiff,

v.                                                  Case No. 11-11384
                                                   Honorable Patrick J. Duggan

LEGAL AID DEFENDER ASSOCIATION,
INC. and DEIERDRE L. WEIR,

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S (1) MOTION FOR RECONSIDERATION AND (2) MOTION TO REVIEW TAXED BILL OF COSTS**

        Plaintiff filed this lawsuit against Defendants alleging that Defendants violated the Family and Medical Leave Act when they terminated her employment. On October 17, 2011, Defendants filed a motion for summary judgment which this Court granted in an opinion and order entered January 26, 2012. Defendants thereafter submitted their Bill of Costs, totaling $1,865.50. On February 2, 2012, the Court taxed those costs against Plaintiff.

        Presently before the Court is Plaintiff's motion for reconsideration with respect to the Court's decision granting summary judgment to Defendants and motion to review taxed bill of costs. Defendants filed a response to the latter motion on February 21, 2012; Plaintiff filed a reply brief on February 27, 2012. On February 22, 2012, this Court informed the parties that it would allow Defendants to file a response to Plaintiff's motion for reconsideration if Defendants chose to do so. *See* E.D. Mich. LR 7.1(h)(2) (indicating

that no response to a motion for reconsideration is permitted unless the court orders otherwise). Defendants filed a response on March 7, 2012. For the reasons set forth below, Plaintiff's motions are denied.

### Standard for Reviewing Plaintiff's Motion for Reconsideration

Eastern District of Michigan Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Cican*, 156 F. Supp.2d 661, 668 (E.D. Mich. 2001) (citing Blacks Law Dictionary 1110 (6th ed.1990); Webster's New World Dictionary 974 (3rd ed.1988); Webster's New World Thesaurus 544 (rev. ed.1985)). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. E.D. Mich. LR 7.1(h)(3). As this Court has stated previously:

> Whatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
>
> Since the [movant] has brought up nothing new—except his displeasure—this court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal—not reargument.

*Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

Similarly, motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Sixth Circuit has "repeatedly held that a Rule 59(e) motion 'does not permit parties to . . . re-argue a case' and 'cannot be used to present new arguments that could have been raised prior to judgment.'" *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 598 (6th Cir. 2011) (quoting *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).

### Analysis of Plaintiff's Motion for Reconsideration

Plaintiff first argues in her motion for reconsideration that facts established that, despite her exercise of good faith, Defendants did not give her a reasonable opportunity to cure the deficiencies in her medical certification. Plaintiff simply is reasserting the same arguments raised in response to Defendants' motion for reconsideration, which this Court rejected. Contrary to Plaintiff's assertions, this Court neither overlooked nor misread any of the testimony re-cited in her present motion.

The evidence presented showed that, after receiving Defendants' letter outlining deficiencies in the submitted medical certification, Plaintiff attempted <u>only once</u> to contact her employer through its Human Resources Assistant Lynn McLeod. However, when Ms. McLeod did not answer, Plaintiff simply hung up without leaving a message.[1]

---

[1]Thus it is disingenuous for Plaintiff to argue that Defendants should have returned this call. (*See* Pl.'s Br. in Supp. of Mot. at 5.)

Thus the Court accurately concluded that Plaintiff made no attempt to inform Defendants that she was unable to return a complete and sufficient certification form before the deadline.

As set forth in the Court's January 26 decision, "good faith requires 'at least that the employee contact his employer by telephone and make it aware that he is unable to return his certification before the deadline.'" (Doc. 40 at 17.) Thus the Court is not persuaded that a different disposition is warranted even if Dr. Valivonis' absence during the Memorial Day weekend somehow interfered with Plaintiff's ability to submit a complete and sufficient form on time.[2] Lastly, Defendant Deierdre Weir did not testify that she "sought either a completed FMLA form *or* inquiries from Plaintiff about the information being sought by Defendants." (Pl.'s Br. in Supp. Mot. at 1-2 (emphasis added).) Ms. Weir clearly stated during her deposition– as she did in her May 20, 2010 letter to Plaintiff– that what Defendants required was a completed FMLA form, not that an inquiry from Plaintiff would have satisfied the request. (*See* Weir Dep. at 128-130; Defs.' Mot. Summary J. Ex. 12A.)

Plaintiff next points to the Court's statement in its January 26 decision that "[t]he NLRB found insufficient evidence to pursue [Plaintiff's] charge." (Doc. 40 at 9.)

---

[2] As suggested in the Court's previous decision, the evidence does not indicate that Plaintiff's failure to timely provide medical certification was rendered impracticable, despite Plaintiff's "diligent good faith efforts"– due to Dr. Valivonis' vacation. (*See* Doc. 40 at 17.) Instead, complete and sufficient information was not provided because Plaintiff and her doctor did not intend to do so until they were assured that Ms. Weir would not see the information. (*Id.*)

4

Plaintiff contends that this is false, as the NLRB never reached a finding concerning her charge. (Pl.'s Br. in Supp. of Mot. at 6.) The Court based its statement, however, on Plaintiff's deposition testimony. (*See* Pl.'s Dep. at 185.) To the extent that it would have been more accurate for the Court to have stated that the NLRB found "insufficient evidence" to support the charge (*see* Doc. 23 Tab 1 Ex. C [February 17, 2011 Letter from the NLRB to Plaintiff's counsel denying Plaintiff's appeal]), a correction of the Court's statement does not demonstrate a palpable defect warranting a different disposition of this case.

      Plaintiff's final argument in support of her motion for reconsideration is her claim that the Court erred in finding that Defendants complied with the FMLA's requirement that an employer notify an employee of the consequences of not providing complete and sufficient medical certification. Plaintiff raises the same arguments that she raised in response to Defendants' motion for summary judgment and the Court has rejected those arguments. As set forth in the Court's decision, under the FMLA, if an employee fails to provide complete and sufficient medical certification when requested, the employer may deny the taking of FMLA. 29 C.F.R. § 825.313. Ms. Weir specifically warned Plaintiff of this anticipated consequence in her May 20, 2010 deficiency letter: 'If we do not receive a complete and sufficient certification within seven days, LAD may deny your request for FMLA leave."[3] (Doc. 23 Tab 1 Ex. 12A at 1.) This warning was sufficient to

---

[3]The Court further indicated that the FMLA's implementing regulations do not
(continued...)

comply with the FMLA regulations. *See Lipscomb v. Elec. Data Sys., Inc.*, 462 F. Supp. 2d 581, 588-89 (D. Del. 2006), *aff'd* 275 F. App'x 144 (3d Cir. 2008) (citing *Brown v. SBC Commnc'ns, Inc.*, No. 04-C-0290, 2005 WL 2076584, at *7 (E.D. Wis. Aug. 23, 2005); *Poteet v. Potter*, No. IP00-0712-C-Y/S, 2005 WL 1115805, at *19 (S.D. Ind. Mar. 28, 2005).

For these reasons, the Court concludes that it did not commit a palpable defect or one that, when corrected, requires a different disposition of Plaintiff's case.

### Analysis of Plaintiff's Motion to Review Taxed Bill of Costs

---

³(...continued)
require an employer to include this warning when informing an employee of the need to cure deficiencies in the certification form submitted. (Doc. 40 at 22.) In her motion for reconsideration, highlighting the last sentence of 29 C.F.R. § 825.305, Plaintiff argues that the Court is wrong. This sentence reads:

> This provision will apply in any case where an employer requests a certification permitted by these regulations, whether it is the initial certification, a recertification, a second or third opinion, or a fitness for duty certificate, including any clarifications necessary to determine if such certifications are authentic and sufficient. See §§ 825.306, 825.307, 825.308, and 825.312.

29 C.F.R. § 825.305. Defendants' request that Plaintiff cure the deficiencies in the medical certification submitted is not a request for "the initial certification, a recertification, a second or third opinion, or a fitness for duty certificate." *Id*. It also is not a request for clarification necessary to determine if such certifications are authentic and sufficient as provided for under § 825.307. *See* 29 C.F.R. § 825.307. In any event, as discussed, even if Defendants were obligated to warn Plaintiff of the consequences of failing to cure the deficiencies in her submitted form, Ms. Weir did so in her May 20 letter.

6

In this motion, Plaintiff asks the Court to exercise its discretion and not tax costs in this matter because she exercised "good faith" in bringing her FMLA claims against Defendants. In her reply brief, Plaintiff further argues that costs should not be taxed because "she is not an individual of significant financial means." (Doc. 48 at 2.) Alternatively, Plaintiff argues that the cost for serving the deposition subpoena on Dr. Valivonis are inappropriately taxed because the parties and Dr. Valivonis agreed on the date for her deposition and thus a subpoena was not necessary to secure her attendance.

Rule 54(d) of the Federal Rules of Civil Procedure provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party." The Sixth Circuit has described this rule as "establish[ing] a norm of action: prevailing parties are entitled to their costs as of course." *Goostree v. State of Tennessee*, 796 F.2d 854, 863 (1986) (citation omitted). Departures from this rule are permitted, nevertheless, "'. . . the court's discretion is more limited than it would be if the rule were nondirective.'" *Id.* (quoting *Coyne-Delaney Co. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 392 (7th Cir. 1983)). "'It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *Id.* (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

The Sixth Circuit has identified a number of circumstances where a district court's denial of costs would be a proper exercise of discretion. *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731-32 (6th Cir. 1986). These circumstances include

"where taxable expenditures by the prevailing party are unnecessary or unreasonably large, . . . cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, . . . cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory [for the other side], . . . and cases that are close and difficult." *Id*. at 730 (internal citations and quotation marks omitted). While the court also has identified the losing party's indigency as a relevant factor, it is the losing party's burden to show "that they are incapable, as a practical matter and as a matter of equity, of paying such costs." *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991). The Sixth Circuit has further advised that the good faith of the losing party in filing, prosecuting or defending an action is an insufficient basis for denying costs to a prevailing party. *White & White, Inc.*, 786 F.2d at 730 (citing *Coyne-Delaney*, 717 F.2d at 390). In light of this guidance from the Sixth Circuit, this Court concludes that Plaintiff fails to overcome the presumption that costs should be awarded in this matter.

Plaintiff does not claim indigency, she only asserts that "she is not an individual of significant financial means." She presents no proof to show that she is "incapable, as a practical matter . . . of paying . . . costs." *Weaver, supra*. Her alleged good faith in bringing this lawsuit is not a sufficient basis for denying costs to Defendants.

With respect to the $50 in costs that Defendants incurred to serve the deposition subpoena on Dr. Valivonis, Defendants demonstrate that this cost was necessarily incurred and should be taxed. Defendants delivered a previous subpoena to Dr.

Valivonis' office, which Dr. Valivonis claimed she did not receive. (Doc. 46 Ex. 1 ¶ 2.) Dr. Valivonis therefore she did not appear at the deposition noted on that subpoena. (*Id*.) Defendants did not bill for the costs associated with the first subpoena. (*Id*.) When the parties subsequently agreed on a new date for Dr. Valivonis' deposition, Defendants' counsel sent an email to Plaintiff's counsel specifically indicating: "I will have the subpoena served on her [Dr. Valivonis], unless I hear that you are authorized to accept service." (*Id*. Ex. 2.) Plaintiff's counsel did not agree to accept service and, therefore, Defendants necessarily had to serve the subpoena on the witness to assure her attendance.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Reconsideration is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Review Taxed Bill of Costs is **DENIED**.

Date: March 9, 2012                    s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Richard G. Mack, Esq.
Sonja L. Lengnick, Esq.